UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA

      v.                                        No. 3:15-cr-184 (VAB)

TAIWAN JONES,
         Defendant.

## RULING ON MOTION TO DISMISS

Taiwan Jones is before this Court, because he has allegedly violated the terms of his supervised release. Mr. Jones is currently being supervised by the United States Probation Office for the District of Connecticut ("Probation"), under 18 U.S.C. § 3605, as part of a criminal sentence imposed by the United States District Court for the District of Massachusetts. Transfer of Jurisdiction, ECF No. 1-1 at 1.[1] Mr. Jones has moved to dismiss the Petition for a Violation of Supervised Release and terminate his supervised release. Mot. to Dismiss, ECF No. 24. For the reasons that follow, the motion is **GRANTED**, and his term of supervised release is terminated, effective immediately.

## BACKGROUND

Probation raises several issues regarding Mr. Jones's compliance with his supervised release conditions. First, Mr. Jones allegedly violated the terms of his supervised release by committing another offense. He was arrested on October 7, 2015 and charged with criminal trespass. Allegedly, Mr. Jones had been sleeping in Union Station in Hartford, Connecticut and refused to leave. Violation Rep., ECF No. 15 at 2.

---

[1] In May 2004, Mr. Jones pled guilty to conspiracy to possess with intent to distribute cocaine, cocaine base, and heroin in violation of 21 U.S.C. § 846 and possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1). Massachusetts Docket Entry No. 408, ECF No. 1-1 at 12; Judgment, ECF No. 1-1 at 26. He was sentenced to 120 months in prison and five years of supervised release. Judgment, ECF No. 1-1 at 27-28. Mr. Jones began his supervised release term on May 15, 2015. Violation Rep., ECF No. 15 at 1.

1

Mr. Jones also claimed to be homeless at the time. *Id.* In addition, Mr. Jones allegedly denied being on supervised release, refused to meet with his Probation officer while in state custody on the criminal trespass charge, failed to notify Probation of a change in his residence or employment, and stopped participating in mental health treatment. *Id.* at 3-4.

Under the sentencing guidelines calculations provided by Probation, Mr. Jones's alleged conduct, if true, would constitute a Grade C violation, which when coupled with his original criminal history category of VI, would result in a guideline imprisonment range of eight to fourteen months. *Id.* at 4; *see also* U.S.S.G. §§ 7B1.1; 7B.1.4(a). The parties have not voiced any objection to these calculations.

Pending the resolution of the criminal trespass charge, Mr. Jones remained in state custody from October 7, 2015 until November 4, 2015. Violation Rep., ECF No. 15 at 5. When the State declined to prosecute his criminal trespass charge, it transferred him into federal custody. *Id.* He has remained in federal custody through the date of this ruling. Including the time spent in state custody, Mr. Jones has been detained for nearly ten months.

Once in federal custody, Mr. Jones's lawyer requested a competency evaluation and hearing on two occasions under 18 U.S.C. §§ 4241 and 4247. Mot. for Competency Evaluation, ECF No. 11; Joint Mot. for Psychiatric Examination, ECF No. 19. The Court granted the requests. *See* Orders, ECF Nos. 14, 20. Because doctors had difficulty conducting the examination of Mr. Jones, the evaluation took longer than anticipated.

On June 2, 2016, while the report on Mr. Jones's psychiatric examination was still in the process of being completed, Mr. Jones's counsel moved to dismiss the Petition for

a Violation of Supervised Release and asked that this Court terminate his supervised release. Mot. to Dismiss, ECF No. 24. He argues that because Mr. Jones is mentally ill, he is not competent to stand trial on the violation of his supervised release and is not suitable for supervision. *Id.* at 2.

On June 29, 2016, the Court received a report, dated June 22, 2016, from a forensic psychologist at the Bureau of Prisons. The report opines that Mr. Jones is suffering from a major mental illness and is not competent at this time to assist in his defense and make rational decisions. The report also indicates that, if the Court were to order that antipsychotic medication be administered forcibly under 18 U.S.C. § 4241(d), the psychologist believes to a "substantial probability" that Mr. Jones would regain competence.

In response to the motion filed on Mr. Jones's behalf and following the completion of the psychiatric examination and the report, this Court held a telephonic hearing to address the pending issues. During that hearing, the Government did not object either to the request to dismiss the Petition for a Violation of Supervised Release or the request to terminate Mr. Jones's supervised release. Both sides noted the length of time of Mr. Jones's incarceration—nearly ten months—as well as Mr. Jones's need for mental health treatment, rather than further criminal supervision. While Probation supported an order to forcibly medicate Mr. Jones to restore his competency in order for him to be tried on the supervised release violation charges, it did not object to terminating supervised release, if the Court decided to dismiss the Petition.

**DISCUSSION**

While the Motion to Dismiss the Petition for a Violation of Supervised Release and terminate supervised release was filed on Mr. Jones's behalf first, the Court nevertheless will address the issues raised by the psychological examination first and determine whether the Court should order that Mr. Jones receive medication involuntarily in order to restore his competence and stand trial for the alleged violations of his supervised release. Although, in this instance, addressing the issues in this order does not lead to a different result, any other order of priority may encourage the filing of motions to dismiss, while competency determinations are pending.

The Court concludes that it cannot, consistent with the United States Constitution, order that Mr. Jones be forced to take medication. The United States Constitution only permits the "Government involuntarily to administer antipsychotic drugs to a mentally ill defendant facing serious criminal charges in order to render that defendant competent to stand trial [ ] if the treatment [1] is medically appropriate, [2] is substantially unlikely to have side effects that may undermine the fairness of the trial, and, [3] taking account of less intrusive alternatives, is necessary significantly to further important governmental trial-related interests." *Sell v. United States*, 539 U.S. 166, 179 (2003). The circumstances where forced mental health treatment is justified are rare, and do not exist here. *See id.* at 179-80.

First, Mr. Jones's alleged criminal violation is not of sufficient importance to the Government to justify the forced imposition of medication. *See id.* at 180 (to justify the forced administration of medication, the Court must find "*important* governmental interests are at stake," considered in light of the Government's role to "to protect through

4

application of the criminal law the basic human need for security."). The Court does not take lightly Mr. Jones's alleged violations of his supervised release conditions. Compliance with such conditions is important and facilitates a criminal defendant's successful re-entry into the community. But his alleged violations, such as sleeping overnight in Union Station, do not carry sufficient weight in the particular circumstances of this case to warrant forcibly administering medication. Ordering Mr. Jones to take medication would significantly interfere with his liberty and is not proportional to offenses with which he is charged. *See Washington v. Harper*, 494 U.S. 210, 221, 229 (1990) (recognizing the "significant liberty interest" of a convicted, incarcerated criminal in "avoiding the unwanted administration of antipsychotic drugs"); *Riggins v. Nevada*, 504 U.S. 127, 135 (1992) (recognizing the same interest for pretrial detainees). In addition, the Government indicated that it did not believe the forcible administration of medication was appropriate in this case.

From a more practical standpoint, Mr. Jones has already been incarcerated for almost ten months, nine of which have been in federal custody. Because the sentencing guidelines range applicable in his case is eight to fourteen months, Mr. Jones has already served a term of imprisonment as long as, if not longer, than this Court could have imposed upon him, consistent with the Federal Sentencing Guidelines, had he been competent during the course of the proceedings. Thus, the Court does not believe that requiring Mr. Jones to spend additional months in prison to regain his competency is appropriate. *See Sell*, 539 U.S. at 180 (noting as relevant considerations the fact that the "defendant's failure to take drugs voluntarily [ ] may mean lengthy confinement in an institution for the mentally ill [ ] that would diminish the risks that ordinarily attach to

5

freeing without punishment one who has committed a serious crime" and "the possibility that the defendant has already been confined for a significant amount of time (for which he would receive credit toward any sentencing ultimately imposed…)") (citing 18 U.S.C. § 3585(b)).

Finally, there has been no request by the director of the facility currently detaining Mr. Jones, or indeed by anyone else, Mr. Jones be treated or remain detained, because he is a danger to himself or the public or he is putting his health gravely at risk. *See* 18 U.S.C. § 4246(a) (enabling the hospitalization of a person who has been committed to the custody of the Attorney General under 18 U.S.C. 4241(d), because the release of that person "would create a substantial risk of bodily injury to another person or serious damage to property of another"); *United States v. Gomes*, 387 F.3d 157, 160 (2d Cir. 2004) (noting that a court need not consider the *Sell* factors where "forced treatment is justified for other reasons" such as the defendant's dangerousness or that his refusal to take medication puts his "health gravely at risk" and finding that the *Sell* factors applied because there was no evidence of such other reasons justifying forced treatment) (citation and internal quotation marks omitted). For all of these reasons, the Court finds that it cannot constitutionally force Mr. Jones to take antipsychotic medication to regain his competence.

Based on the findings made in the psychologist's report and discussions with counsel and Probation during the telephonic hearing, the Court also finds by a preponderance of the evidence that Mr. Jones is suffering from a mental disease that renders him mentally incompetent to assist in his own defense. *See* 18 U.S.C. § 4241(d); *Cooper v. Oklahoma*, 517 U.S. 348, 362 (1996) (a defendant must show that he is

incompetent to stand trial by a preponderance of the evidence).  Thus, the Court cannot continue with the violation proceeding at this time.  *See Medina v. California*, 505 U.S. 437, 448, 453 (1992) (explaining that the criminal trial of an incompetent person violates due process).

Both the Government and Probation agree that, because Mr. Jones is incompetent and there is no evidence that his competency will be restored in the foreseeable future, the Court should dismiss the Petition for a Violation of Supervised Release.  Indeed, as noted above, Mr. Jones has already served the sentence in prison that this Court would have had authority to impose for his alleged supervised release violations.  Thus, the Court finds that, in essence, the "pending charges against him are disposed of according to law" and will dismiss the Petition for a Violation of his Supervised Release.  18 U.S.C. § 4241(d)(2)(B).

The Court also terminates Mr. Jones's supervised release effectively immediately.  The Court may "revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release . . . if the court . . . finds by a preponderance of the evidence that the defendant violated a condition of supervised release . . . ." 18 U.S.C. § 3583(e)(3); *see also United States v. Lussier*, 104 F.3d 32, 35-36 (2d Cir. 1997).  Since Mr. Jones has served a nearly ten-month term of imprisonment, even without a finding of a violation, which is as long as, if not longer, than what this Court could have sentenced him in lieu of continuing a term of supervised release, there is little basis for having Mr. Jones continue his term of supervised release.

Moreover, the Court may also "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice." 18 U.S.C. § 3583(e)(1). In determining whether to end a defendant's supervised release early under this subsection, the Court considers the factors identified in 18 U.S.C. §3553(a) and whether "new or unforeseen circumstances" have arisen that justify termination. *Lussier*, 104 F.3d at 35-36. Given Mr. Jones's mental health condition, the fact that he has been on supervised release for more than a year, and the term of imprisonment already served without a finding of a violation, the interests of justice will be better served by terminating his supervised release.

## **CONCLUSION**

For all of the foregoing reasons, the Court grants Mr. Jones's Motion to Dismiss the Petition for a Violation of Supervised Release, ECF No. 24, and orders that his supervised release be terminated.

Mr. Jones shall only be released from the custody of the Bureau of Prisons and the United States Marshals to a family member. He shall remain in their custody until arrangements can be made for a family member to pick him up.

**SO ORDERED** this 21st day of July 2016, at Bridgeport, Connecticut.

/s/ Victor A. Bolden
Victor A. Bolden
United States District Judge